IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>   v.<br><br>MICHAEL TANOUYE,<br><br>             Defendant. | Case No. 15-cr-00877-DKW-1<br><br><br>**ORDER REVOKING DEFENDANT MICHAEL TANOUYE'S CONDITIONAL DISCHARGE AND REMANDING TO A SUITABLE FACILITY** |

On September 12, 2018, this Court entered an Order conditionally releasing Defendant Michael Tanouye to a residential, dual-diagnosis treatment facility in Kaneohe, Hawaii ("Po'ailani"). Dkt. Nos. 87, 87-1. One of the conditions of Tanouye's release was that he receive a clinical discharge from Po'ailani.

Thirteen days later, the U.S. Probation Office filed a Request for Course of Action. Dkt. No. 90. Therein, the U.S. Probation Officer supervising Tanouye stated the following: On September 24, 2018, the Probation Officer met with a Po'ailani counselor assigned to Tanouye. The counselor reported that, on September 18, 2018, Tanouye had self-reported that voices he hears in his head were

increasing, and, on September 19, the voices were continuing and were telling him to hurt people. Tanouye explained, though, that he was not listening to the voices and he would not harm anyone. The counselor reported that Tanouye was taken to a hospital where he met with a psychiatrist and his medication was increased. In the following days, Tanouye reported that he was feeling better and the voices had decreased. On September 25, 2018, however, the Probation Officer received a call from the counselor who said that Tanouye was not doing well. Tanouye had informed the counselor that the voices were louder and more frequent and they were telling him to harm people. Tanouye indicated that he was concerned that he might listen to the voices and hurt someone. Tanouye also expressed that he was paranoid others were out to get him. The counselor requested that Tanouye be removed from Po'ailani because of a concern for the safety of staff and residents. As a result, on September 25, 2018, Tanouye was unsuccessfully discharged from Po'ailani and taken into custody by the United States Marshal pursuant to an arrest warrant issued by this Court. Dkt. No. 91.

On October 15, 2018, the Court held a hearing regarding why Tanouye's conditional release should not be revoked. Dkt. No. 93. Pursuant to 18 U.S.C. § 4243(g), a court may revoke a conditional release of an individual found not guilty only by reason of insanity. More specifically, in pertinent part, Section 4243(g) provides that:

The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

In light of the undisputed statement of facts in the Request for Course of Action and the record created at the October 15, 2018 hearing, pursuant to 18 U.S.C. § 4243(g), the Court determines that Tanouye should be remanded to a suitable facility because his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another. Further, in light of Tanouye's prior treatment at the Federal Medical Center in Butner, North Carolina, the Court recommends that the Federal Medical Center in Butner, North Carolina be designated as the suitable facility for Tanouye's commitment.

IT IS SO ORDERED.

DATED: October 16, 2018 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

_USA v. Michael Tanouye_; Cr No. 15-00877 DKW-1; **ORDER REVOKING DEFENDANT MICHAEL TANOUYE'S CONDITIONAL DISCHARGE AND REMANDING TO A SUITABLE FACILITY**